## Sayre, Appellant, *v.* Textile Machine Works.

Argued November 9, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Luther C. Schmehl*, with him *M. Bernard Hoffman*, for appellant.

*David B. Skillman*, with him *Luther H. Heist*, for appellee.

OPINION BY CUNNINGHAM, J:

The appeal in this workmen's compensation case is by the claimant. On February 10, 1928, he was accidentally struck on the head by a falling brick while in the course of his employment, as a common laborer, with the defendant-appellee. An open agreement for compensation for total disability was executed by the parties and approved by the board. In it his injuries were described as a "depressed, comminuted, compound fracture of skull with contusion and laceration of brain," and his weekly wages at the time of the accident were fixed at $25.20. Under this agreement he was paid compensation, in accordance with Section 306 (a) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as finally amended by the Act of April 13, 1927, P. L. 186, 77 PS §511, at the rate of $15 per week from the seventh day after the accident—Feb-

ruary 17, 1928,—until April 17, of that year, a period of 8-1/3 weeks and a total amount of $125.

On the latter date he signed a final receipt, reciting, inter alia, that he had "returned to work on the 16th day of April, 1928, at a wage of $25.20 per week."

He was continuously employed by the appellee until May 23, 1932, a period of four years, one month and six days, when the department in which he worked was closed and all the employees therein dismissed.

At the time of the accident appellant's wages were at the rate of 45 cents per hour. Through the period between his returning to work and the closing of the department he earned and was paid wages varying from a minimum of 47 to a maximum of 61 cents per hour.

On October 5, 1932, appellant instituted proceedings before the compensation authorities to have the final receipt set aside and for an award for partial disability from the date thereof. It is not necessary to review the course of these proceedings. They ended with findings by the board to the effect that the receipt had been signed under a mistake of fact with respect to appellant's actual physical condition and that he had a 40% disability from the date he returned to work up to and beyond November 16, 1933,—the expiration of the statutory period of 300 weeks for partial disability.

The receipt was set aside and an award made, under date of March 12, 1936, of compensation at the rate of $6.55 per week "beginning on April 16, 1928, [the date of returning to work] and continuing to and including November 16, 1933, the end of the three hundred week period, a total of 291-4/7 weeks, the sum of $1909.79," with interest. The award was based, under Section 306(b), upon sixty-five per centum of the difference between appellant's wages when injured and a sixty per centum "earning power" thereafter.

The employer appealed to the common pleas and presented three propositions of law for its consideration:

(1) Whether there was competent evidence supporting the finding that the final receipt had been signed under a mistake of fact; (2) If so, whether a partial disability of 40% was shown by the evidence to have existed during the period covered by the award; and (3) Whether, in any event, the employer was legally liable for the payment of any compensation for the period during which it reemployed appellant and paid him wages equal to or higher than those he was receiving at the time of the accident.

Speaking for the court below, SHANAMAN, J., in a clear and comprehensive opinion decided the first and second propositions against the employer and the third in its favor. The employer has not appealed and we are therefore required upon this appeal by the employee to consider only whether the court below erred in applying the law to the facts as found by the compensation authorities. As a practical matter, the effect of the conclusions of the court below is that appellant is entitled to compensation for his partial disability, at the rate of $6.55 per week, only from May 23, 1932, the date upon which the employment by the appellee ceased, to November 16, 1933, the end of the statutory period. The order appealed from remits the record to the board to the end that "the award may be modified" in accordance with the opinion of the common pleas.

In disposing of this appeal it should be kept in mind that one of the fundamental propositions upon which the applicable statute is based is that the compensation payments therein provided for are intended as a substitute for the wages which the employee would have earned if he had not been injured: *Zimmer v. Closky et al.*, 122 Pa. Superior Ct. 142, 186 A. 403. No intention was disclosed by the legislature to penalize an employer who, in the language of the referee in this case, "has shown a proper spirit and a desire to serve the

best interests of [an] injured man, and a willingness to comply with all the requirements of the law."

In the present, as in every other compensation case, we must deal with the concrete condition presented by the evidence rather than with technicalities and theories. Prior decisions are controlling only when the facts are substantially identical and the issues arose in a similar way.

An understanding of the kind of employment in which appellant engaged prior to his injury and of the nature of his work during the four year period here in question is, therefore, essential. Before the accident he had been employed in laborious occupations, such as "hammer operator," and when it occurred was using a pick and shovel and wheeling bricks. It is an established fact in this case that appellant when he returned to work and up to the final disposition of his case by the board had a partial disability, consisting of a weakened and atrophied left arm and leg. The court below correctly summarized the evidence upon this point when it said: "The testimony easily supports a finding that claimant had not recovered, and could not, when he signed the final receipt nor at any time since, do the heavy labor he had done prior to the accident for defendant and for previous employers. The work to which claimant was put by defendant after his accident was novel, light, and selective. He has nevertheless suffered a continuous partial disability which is likely permanent."

The basis prescribed by Section 306(b) for the calculation of compensation for disability partial in character is "sixty-five per centum of the difference between the wages of the injured employe [at the time of the injury] and the earning power of the employe thereafter." It has been held in a number of cases that, "Earning power, under the statute, does not always depend upon the sum actually received, but on a con-

sideration of all the elements that make it up or detract from it as defined or considered by the compensation act": *Bausch v. Fidler*, 277 Pa. 573, 579, 121 A. 507.

In the course of its opinion, the court below correctly held that the fact that appellant "could and did, during four years, earn approximately as much or more than he had earned as a common laborer prior to the accident is not conclusive that his partial disability due to the accident has not reduced his earning power."

The effect of all the cases is that the amount of wages actually received after an accident is evidence, but not conclusive evidence, in determining whether an existing disability has caused a diminution in earning power. It is necessary in each individual case to take other elements into consideration; for instance, changes in wage scales, and particularly whether the partially disabled employee has actually earned the wages he received or has been paid more than he earned through sheer generosity, or perhaps some ulterior motive, upon the part of an employer.

In this case there can be no doubt that appellant *earned his wages* and it is perfectly clear his employer was actuated by only the highest motives in providing him with light, but remunerative, employment in one of the departments of its plant. The compensation authorities found specifically that the wages he earned "compared favorably with wages earned by other employes in this department." It is also clear that his employment would have continued indefinitely if economic conditions had not required the closing of the department and the dismissal of all employees therein.

We have repeatedly held, where it was shown an employee was at work for his employer during a portion of the statutory period for partial disability and earned and received wages equal to or higher than those he was receiving at the time of the accident, that his employer was not liable to pay compensation, in addition to wages,

for such portion of the period: *Ludington v. Russell Coal Co.*, 90 Pa. Superior Ct. 318; *Motte v. Carnegie C. Co. et al.*, 114 Pa. Superior Ct. 239, 173 A. 670 (allocatur refused by Supreme Court); *Blase v. Phila. & R. C. & I. Co.*, 115 Pa. Superior Ct. 381, 175 A. 883; and *Irwin v. Byllesby Engineering & Man. Corp.*, 119 Pa. Superior Ct. 449, 179 A. 780. In those cases we pointed out that the result of the ruling was that the claimant received, during each of the 300 weeks, either wages equal to or in excess of those he was earning at the time of his injury or the compensation prescribed by the statute. These decisions, of course, are not applicable to employees who have suffered any of the permanent injuries included under section 306(c) of the act.

But it is contended on behalf of the appellant that these rulings have been materially modified by our decisions in *Bonomo v. State Workmen's Ins. Fund et al.*, 111 Pa. Superior Ct. 402, 170 A. 428; *Cavanaugh v. Luckenbach Steamship Co.*, 125 Pa. Superior Ct. 275, 189 A. 789; and *Plum v. Hotel Washington,* 125 Pa. Superior Ct. 280, 189 A. 792; and that the case now at bar is ruled by those last mentioned. In advancing this contention, we think counsel have overlooked the differences in the factual situations appearing in the cases upon which they rely, and the consequent differences in the issues there involved, as compared with the question with which we are here concerned.

The Bonomo case arose out of the filing by an employer of a petition to terminate an agreement upon the ground that the employee had returned to work. As distinctly noted in the opinion, there was no evidence that he "was actually earning" the wages he was receiving. The issue there was his right to a finding of partial disability. In the Cavanaugh and Plum cases the questions were raised promptly after the claimants had returned to work and the primary issue in each

case was whether the evidence supported a finding of diminution in earning power. Moreover, in the Plum case the evidence indicated the employee was not actually earning the wages he was receiving as the employer had favored him by furnishing a helper when he got behind with his work.

None of these cases is authority for the proposition that an employee, having a partial disability but earning and receiving from his employer wages equal to or in excess of those he was earning at the time of his injury, may postpone, for more than four years, the raising of any question of liability upon the part of his employer to pay compensation in addition to full wages and then succeed in compelling his employer to pay him compensation as well as wages for the same period of time.

In the present case a diminution in the earning power of the employee became apparent when he was thrown upon the open labor market on May 23, 1932, because he was then unable, by reason of his partial disability, to do the kind of work he had customarily engaged in prior to his accident. It cannot be questioned that his employer thereupon became liable to compensate him for such diminution at least from that date until the expiration of the period of 300 weeks prescribed in the statute; the order appealed from directs payment for that period. It does not follow, under the facts here present, that his employer is also liable to pay compensation for the period during which he was employed. It was not until he came upon the open labor market that it became apparent that his earning power was affected by his disability. Even if the question of his right to compensation had been promptly raised after his return to work, his employer, would, under the evidence, have been entitled to have any award suspended during the period of his employment.

Our conclusion is that the decision of the court below gives appellant all the additional compensation he is entitled to receive under the facts as found by the referee and board. There is a point beyond which liberality of construction may not go, and we are of opinion that sustaining the assignment of error in this case would penalize this employer in a manner never intended by our legislature.

Order affirmed.