Opinion by
 

 Baldrige, J.,
 

 The plaintiff was granted an award by the compensation authorities for the death of her husband. Their action was affirmed by the court below.
 

 The problem that presents itself for our consideration in this appeal is whether there was legally competent evidence that the death of the deceased was of an acci
 
 *498
 
 dental origin within the provisions of section 301, article III, of the Workmen’s Compensation Act of June 2, 1915, P. L. 736 (77 PS §411).
 

 The uncontradicted evidence established that the deceased, 54 years of age, had been for about four years in the employ of Miller Brothers, who operated a small country coal bank where apparently but three men worked. Two dug coal and the deceased drove a horse which pulled loaded cars to the mouth of the mine where each was weighed, and he then pushed one at a time up a slight grade, over a “rickety” track, 75 to 100 feet to the tipple, where the cars were raised by a “chain block” and the coal dumped into bins. One of his fellow-employees testified that “it was a good push for one man — a stiff push.”
 

 On July 16, 1934, the deceased went to work in his usual good health. A little before noon he had taken three cars out of the mine, each weighing from 3,000 to 3,500 pounds. No one saw what occurred on the tipple, but when the deceased’s body was found, two of the cars had been dumped and the third was half empty. He was found by a fellow-worker evidently shortly after his collapse, lying beside the car that had been partially emptied, which weighed approximately 3,400 pounds.
 

 Dr. Boggs, who was immediately summoned, testified that when he arrived a few minutes before noon the man was dead. He expressed the opinion that death was due to a “rupture or bursting of the coronary artexy that feeds the heart muscle.”
 

 In cases of sudden death which involve the question whether there was sufficient competent evidence to establish an accident, those that are compensatory and those that are not compensatory are divided by a line which at times appears indistinct. The classification of this case is not free of difficulty.
 

 We readily recognize that a presumption of an acci
 
 *499
 
 dental death is not raised by simply showing a collapse of an employee while at his work. There must be affirmative proof of an accident:
 
 Mooney v. Yeagle et al.,
 
 107 Pa. Superior Ct. 409, 164 A. 82. It may be established, however, by circumstantial as well as direct evidence, or by a ¿reasonable land legitimate inference based on a proven fact:
 
 Falls v. Tenn. Furn. Co. et al.,
 
 122 Pa. Superior Ct. 550, 186 A. 272. In this connection it must be borne in mind that our compensation statutes contemplate liberality not only in the admission of evidence but also in the inferences to be drawn therefrom.
 

 It has been frequently held that death or injury resulting in the course of employment from a strain or sprain caused by unusual exertion is an accident within the meaning of the compensation laws:
 
 Rice v. Stevens Coal Co.,
 
 120 Pa. Superior Ct. 15, 181 A. 516;
 
 Witt v. Witt’s Food Market et al.,
 
 122 Pa. Superior Ct. 557, 186 A. 275;
 
 Mill v. Thomas S. Gassner Co. et al.,
 
 124 Pa. Superior Ct. 217, 188 A. 382;
 
 Foster v. State College Boro. et al.,
 
 124 Pa. Superior Ct. 492, 189 A. 786;
 
 Viehdorfer v. Cherry Run Coal Mining Co. et al.,
 
 125 Pa. Superior Ct. 201, 189 A. 782.
 

 The appellants, in support of their position that there was no proof of an accident, rely principally on
 
 McFadden v. Lehigh Nav. Coal Co.,
 
 111 Pa. Superior Ct. 501, 503, 170 A. 314, where the deceased suffered a fatal cerebral hemorrhage when dragging a stick of timber, 6 feet long and 7 inches thick at the larger end (weight not given in the record) up a chute which rose at an angle of 40 degrees, by means of a steel “dog.” The only physician called stated “that in his professional opinion the exertion in moving the stick was a marked contributory factor in the man’s death from apoplexy which might have been caused by a thrombus, an em-bolus, or a hemorrhage, but that it might have occurred while he was asleep.” We held, in reversing the
 
 *500
 
 court below, that the evidence was insufficient to establish that death resulted from an unusual strain. Judge Parker stated in the course of his opinion that the death of an employee front heart strain or apoplexy while doing regular labor usually performed, even though hard labor, is not accidental as it does not result from an unexpected or fortuitous event.
 

 That case, with its dissimilar factual situation, does not, in our judgment, rule the one in hand. The decision in each compensation case depends largely on its individual facts:
 
 Sayre v. Textile Machine Works,
 
 129 Pa. Superior Ct. 520, 524, 195 A. 786. As has been observed, York was handling loaded coal cars instead of a comparatively small piece of timber.
 

 We think this case falls within our recent decision in
 
 Barr v. Atlantic Elevator Co.,
 
 124 Pa. Superior Ct. 57, 187 A. 815. There, the claimant’s husband while carrying heavy cables experienced a sharp pain in his heart. He died about two months later from a coronary occlusion, which the heart specialist testified was precipitated by the unusual exertion of carrying the cables. The evidence disclosed that about one-fourth of deceased’s time was devoted to construction and repair service which was heavier than inspection work which he did the remaining three-fourths of his time. In the case at bar, the deceased was not engaged continuously in the pushing and dumping of cars. That was but a part of his daily work. Two miners could not load in a day many cars of the capacity the deceased was handling. President Judge Keller, in the course of his opinion in the Barr Case, stated (p. 60): “......the referee well said, there was no testimony that the carrying of cables of this weight up flights of stairs was in the line of his usual and ordinary work. But irrespective of this, the distinction made by the learned President Judge of the court below between cases like this one and those just above referred to, is sound:
 
 *501
 
 ‘Where, on the other hand, a sound heart is affected by a severe exertion, and has not before been so affected, the inference is fair that the exertion which affected the heart, while it was of the same sort, must have differed in degree from that which was usual. It must have, as a fact, been more severe than usual and should be classified with those fortuitous physical violences of the bodily structure, which are properly described as accidents. The work may be of the same “sort” or character as that called usual, but must have been harder than ordinary, or the sound heart which had theretofore stood it would not have yielded to it...... If the heart is sound and has stood customary hard work for years, and if on a particular day it weakens, the inference is that the exertion was unusual, not that the heart was weak. Therefore, the inference is not that death was caused by a weak heart, but was caused by unusual exertion.’ ”
 

 So, here, the rupture does not necessarily indicate that the heart was weak, but rather that there was an unusual exertion. We have evidence to justify the conclusion that when York went to work on the day in question he was well and strong. It can be fairly assumed, also, that the effort to push and dump the loaded cars varied — sometimes more, sometimes less was required — depending upon whether the cars were well greased, the condition of the track, the dumping equipment and appliances on the cars, etc. More effort must have been exerted this day than usual as it suddenly caused a large blood vessel to rupture. That does not normally follow a slight exertion by a well man. Evidently, something unusual, untoward, or unexpected occurred which constituted an accident:
 
 Lacey v. Washburn & Williams Co.,
 
 309 Pa. 574, 164 A. 724. In these border-line cases we always endeavor to carry out the benevolent spirit and object, of our compensation laws by resolving doubts in favor of a claimant. We have,
 
 *502
 
 therefore, concluded that an accidental death may be fairly inferred from all the circumstances and that this award should stand.
 

 Judgment affirmed.