## Muir v. Neisner Bros., Inc.

*Wallace E. Edgecombe* and *Van der Voort, Royston Robb & Leonard,* for plaintiff.

*William A. Challener, Jr.,* for defendant.

O'Brien, J., May 9, 1955.—This matter is before the court en banc on the preliminary objections of defendant in the nature of an objection to the jurisdiction, a demurrer and a motion for a more specific pleading.

It appears from the allegations of the complaint that plaintiff was an employe of defendant who engaged in conducting a retail store having a pet department therein. Plaintiff, in the course of this employment, came in close physical contact with parakeets sold by defendant, as a result of which she contracted the disease known as psittacosis or parrot fever.

Defendant contends that plaintiff is precluded from bringing this action in trespass and that this court is without jurisdiction in the matter by virtue of the provisions of The Pennsylvania Workmen's Compensation Act as amended June 21, 1939, P. L. 520, 77 PS §1 et seq., and The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq.

This court does not agree with that contention for the reason that, at common law, an action lies against one who negligently causes another to contract a disease, occupational or otherwise, and, where an action at common law is not abolished or superseded by statute, the action endures. The Pennsylvania Occupational Disease Act was not intended to encompass all of the diseases which one might contract through the negligence of another and it states in section 101, 77 PS §1201:

"This act shall be called and may be cited as The Pennsylvania Occupational Disease Act. *It shall apply to disabilities and deaths caused by occupational disease as defined in this act. . . .*" (Italics supplied).

A similar contention was dismissed in the case of Billo v. Allegheny Steel Company, 328 Pa. 97 where,

speaking of The Pennsylvania Workmen's Compensation Act, at pages 104 and 105 Mr. Justice Maxey states:

"Appellant also advances the proposition that in Pennsylvania no action lies at common law for the contraction of an occupational disease. He cites Justice Walling's opinion in *Mauchline v. State Insurance Fund*, 279 Pa. 524, 124 A. 168. Justice Walling, after there pointing out that 'the medical evidence indicates that such a condition (emphysema) is normally of slow development and probably here came on gradually,' says 'if so, it was not an accident but the result of an occupational disease, the risk of which the employee assumes and for which the statute provides no compensation.' It is unquestionable that for an occupational disease *the statute* provides no compensation, but Judge Walling did not mean by the excerpt quoted that the employee assumes the risk of an occupational disease to such an extent that *he cannot resort to his common law remedy to secure compensation, provided the disease, whether occupational or otherwise, arose from negligence on the part of employer.* If, for example, a man contracted smallpox through another's negligence, he would have a right of action against the tort-feasor. To be *stricken with disease* through another's negligence is in legal contemplation as it often is in the seriousness of consequences, no different from *being struck with an automobile* through another's negligence." (Italics by Supreme Court).

Of course, The Pennsylvania Occupational Disease Act had not been enacted at the time of the above opinion, but, just as The Pennsylvania Workmen's Compensation Act did not abrogate the common law action for a disease contracted through another's negligence, so The Pennsylvania Occupational Disease Act did not abrogate the common law action for a disease contracted through another's negligence which

was not covered by the act, and section 101 of the act, 77 PS §1201, quoted hereinbefore, so states.

Defendant further contends that the complaint does not state a cause of action. However, an examination of the complaint reveals that if the facts averred in paragraphs 4, 5, 6, 7, and 8 thereof are true, as we must assume for this determination, then plaintiff contracted psittacosis as a result of defendant's negligence and she suffered damage therefrom. No element of a valid cause of action is lacking.

Finally, defendant contends that the complaint, in certain of its averments, is not sufficiently specific to permit defendant to answer them. It appears from the complaint that defendant is quite correct in this last contention. In subsection (e) of paragraph 7, the "appropriate laws of this Commonwealth" which defendant is alleged to have violated must be specifically pleaded. In subsection (h) of paragraph 7, the "appropriate laws of the United States of America" and the "appropriate regulations of the United States Department of Public Health" which defendant is alleged to have violated must be specifically pleaded. In subsection (k) of paragraph 7, the general averment of lack of due care on the part of defendant must be made more specific or it must be disregarded. However the fact that it may be surplusage will not require it to be stricken as defendant requests, for that which is not properly pleaded need not be answered.

### Order

And now, to wit, May 9, 1955, after argument, submission of brief, and consideration thereof it is ordered that the preliminary objections, ex parte defendant, in the nature of an objection to the jurisdiction and a demurrer, be and hereby are dismissed, and the preliminary objection, ex parte defendant, in the nature of a motion for more specific pleadings,

be and hereby is sustained, and leave is granted to plaintiff to amend the complaint, particularly with respect to subsection (e), (h) and (k) of paragraph 7 thereof, in a manner consistent with the correction of this defect within 20 days of the date hereof.

Eo die an exception is noted to defendant on the dismissal of each preliminary objection hereinbefore and bills sealed.

Eo die an exception is noted to plaintiff on the preliminary objection sustained hereinbefore and bill sealed.