Calcite Quarry Corporation and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and John Z. Fry, Appellees.

348

Argued March 7, 1974, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three. Reargued June 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Thomas A. Ehrgood,* with him *Ehrgood & Ehrgood,* for appellants.

*Allen H. Krause,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, July 18, 1974:

This is an appeal by the employer and its insurance carrier from an award by the referee, sustained by the

Workmen's Compensation Appeal Board. The basis for the appeal is twofold: (1) that there is no competent evidence on which the referee or the Board could find that an accident occurred; and (2) assuming an accident, that there was no competent evidence on which to base a finding that the accident was the cause of the total disability. We must agree with appellants and reverse the Board.

The claimant-appellee suffered an injury to his back as a result of a compensable accident on August 9, 1969. Compensation was paid until March 16, 1970. In response to a question from the referee, claimant-appellee's counsel agreed that other than showing a pre-existing back injury, that accident had no relationship to this claim.

Claimant-appellee returned to his previous work on March 16, 1970, but with the admonition from his orthopedic surgeon that he limit himself to light work, so as to "give him a chance to progressively increase his activities." He progressed and was "tentatively discharged" by his orthopedic surgeon, who testified that he did not hear from claimant-appellee for six months prior to January 15, 1971. Claimant-appellee worked during the period March 16, 1970, to January 15, 1971, as a truck driver, progressively driving larger trucks and returning to full duty. On January 15, 1971, without objection from him, he was assigned the routine task of unloading 100 pound bags of salt from a trailer. This was the first time he had lifted 100 pound bags since his injury. He felt a pain in his back after lifting two bags and immediately stopped. He went to the company doctor who referred him to the orthopedic surgeon. He was under the orthopedic surgeon's care from January 16, 1971, until he was about ready to return to work when he suffered a heart attack on July 14, 1971. As a result of the heart attack, he continues to

be totally disabled. The referee made the following findings of fact:

"...

"2. On January 15, 1971, the Claimant was helping to unload a truckload of salt. The salt was packed in bags weighing 100 pounds. In the process of doing so the Claimant injured his back.

"3. As a result of the said accident and injury, the Claimant was disabled and not able to work for the period beginning January 15, 1971 to the present.

"4. As a result of the accident and injury sustained by the Claimant on January 15, 1971, the Claimant became anxious about not being able to work and support his famiily to such an extent that he developed a serious coronary condition from which he still suffers and which renders him totally disabled.

"...

"6. The Claimant and Defendant stipulated the Claimant did sustain an injury to his back as a result of the accident on January 15, 1971, and that Claimant is entitled to the benefits of the Pennsylvania Workmen's Compensation Act because of his back injury.

"7. The injury to the Claimant's back and the coronary condition of the Claimant together with the subsequent disability of the Claimant was causally related to the incident set forth in Finding of Fact No. 2."

The referee made the following conclusions of law: "The Referee concludes as a matter of law that the Claimant has sustained his burden of proving an accident within the meaning of the Pennsylvania Workmen's Compensation Act and is therefore entitled to the benefits thereof. The Referee further concludes as a matter of law that both the back injury and the coronary condition were causally related to the accident of January 15, 1971."

The only witnesses who testified were claimant-appellee, claimant-appellee's orthopedic surgeon, and the president of the employer company.

There is absolutely no basis in the record for finding of fact No. 6. There is a stipulation with regard to the accident which occurred on August 9, 1969. However, counsel for appellants carefully and at every opportunity objected to any inference that there had been an accident on January 15, 1971. For example, when claimant-appellee's attorney asked the orthopedic surgeon whether there was a relationship between the accident of January 15, 1971, and the coronary attack, appellants' counsel objected on the ground that an accident had not been proved. The referee suggested the question be rephrased and claimant-appellee's counsel rephrased the question, substituting the word "incident" for the word "accident." In his brief before the Board and before this Court, claimant-appellee's counsel attempted to justify finding of fact No. 6 by stating that after the hearing had closed, there was a conversation in which representatives of the employer and the insurance carrier admitted an accident occurred. From this, according to claimant-appellee's attorney, "it can only be concluded that the referee made a notation of this for his own purposes but failed to have it entered into the record." Surely no one could seriously propose that the referee's recollection of a casual conversation after the hearing had been completed and the record closed should be the basis for a finding that the parties had stipulated that an accident had occurred! In our opinion, we would be considerably more justified in concluding that the referee was confusing the stipulated accident of August 9, 1969, and the unstipulated, but alleged and contested, accident of January 15, 1971.

For this reason alone, the referee's award must be reversed, for absent finding of fact No. 6, there is no finding of an accident, compensable or otherwise.

The Board did not make any findings, but merely affirmed the findings of the referee. The Board, in its opinion, discussed and concluded that there was com-

petent evidence to support a finding of an accident on the unusual strain doctrine as laid down in *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A. 2d 601 (1969). Laying aside the fact that no such finding was made, we cannot agree that one, if made, would be supported by competent evidence. No argument is made, nor could there be one, that the unusual pathological result doctrine applies. In *Hamilton, supra,* the over-exertion was caused by an unusual condition of mud and terrain in which the claimant was working, i.e., unusual working conditions. They were not unusual for others working there, but they were unusual for the claimant who had only worked in them for a few days. In the instant case, unloading 100 pound bags was not unusal for other truck drivers, nor for the claimant-appellee other than he had not had occasion to unload them since his last injury, so as to allow the last injury to heal.

Appellants' second objection is equally well-founded. There is no competent evidence to sustain finding of fact No. 4 and the conclusion of law that the coronary condition was causally related to the incident of January 15, 1971. The only evidence offered to show such causal relationship was that of claimant-appellee's orthopedic surgeon. While this doctor's qualification as an orthopedic surgeon was admitted, his qualification to express an opinion as a heart specialist was challenged repeatedly and emphatically. The orthopedic surgeon testified that his entire medical career, since the usual internship and residency, was as an orthopedic surgeon. He had not even engaged in general practice initially. He did not treat claimant-appellee in connection with his heart condition and, therefore, could only be competent if he qualified as an expert. Claimant-appellee had, and they were so identified in the record, both a family doctor and a heart specialist who treated him for his heart condition. Neither of these doctors was called to testify.

Even if the orthopedic surgeon had been qualified to express an opinion, his testimony is far from being unequivocal and clear as required by law. *See United States Steel Corporation v. Simon*, 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913 (1973). He testified that the heart condition was brought on by emotional stress some five months after the incident. In response to a question as to his opinion on the connection between the incident and the coronary condition, he stated: "It would be my opinion, I think there is a definite relationship, for reasons not only due to the surgery, but following the surgery, the man was very apprehensive, as I mentioned, I noticed this in the office and he was quite concerned about his finances at home, *plus other problems which had no relationship to this situation,* but they did cause quite an emotional situation each time that I had seen him."

Claimant-appellee relies on the recent Supreme Court of Pennsylvania decision in *Stump v. Follmer Trucking Company*, 448 Pa. 313, 292 A. 2d 294 (1972), wherein the Court held that emotional excitement which resulted from a compensable accident and which caused or contributed to a coronary thrombosis, made the disability resulting from the coronary thrombosis compensable. We have no quarrel with that case. If there were competent evidence to support the finding of causation, *Stump* would be controlling. Lacking that essential competent evidence, claimant-appellee's case, based on the disability caused by the coronary attack, must fall.

Accordingly, we enter the following

### Order

Now, July 18, 1974, the decision of the Workmen's Compensation Appeal Board, dated September 27, 1973, affirming the decision of the referee and dismissing the employer's appeal, is reversed, appellants' appeal is sustained, and the claim dismissed.

354

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

The essential issue here is whether or not there is substantial evidence which, if found to be credible, would support a finding that John Z. Fry (claimant) had suffered an accident within the concept of the unusual strain doctrine. I believe that there is and that, because no finding was made on this issue, the matter should now be remanded for the further consideration of the fact finder, the referee.

In considering whether or not the lifting done by the claimant on January 15, 1971 constituted an unusual exertion, the past practices of other drivers are totally immaterial. It is only the individual work history of the claimant which is at issue. *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A. 2d 601 (1969).

Here, although the majority state that the unloading of 100 pound bags was not unusual for the claimant, even though he may not have had occasion to unload bags of that weight since his last injury, it cannot and does not point to anything on the record which supports such a statement. George Patton, the president of Calcite Quarry Corporation, testified that the job of truck driver involved some lifting and that he *assumed* that the claimant did some lifting prior to his 1969 injury. Not only did he give no specific examples, however, but he certainly did not state that *the claimant* had ever lifted 100 pound bags prior to January 15, 1971. More importantly, the claimant himself testified as follows: "Q. But prior to January of 1971, January 15, 1971, didn't you do any other additional work in addition to driving for Calcite? A. No, just mixer and then when this load come up [the 100 pound bags], he just got a bunch of boys together to get us to unload the truck quick."

The claimant's personal work history from March 15, 1970 to January 15, 1971, clearly establishes, in my

opinion, that the lifting of the 100 pound bags on January 15, 1971 was a unique occurrence *for him,* and this, I believe, would alone be sufficient to bring the case within the unusual strain doctrine. Even if, however, his activities prior to 1969 must be considered, the evidence on the record could still be interpreted to support a finding that he had never lifted such heavy bags in the entire course of his employment. This, however, is a question of fact for the fact finder and *not* for this Court, and, if there are any inconsistencies or questions of credibility to be resolved, it is an issue for the fact finder to determine. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

Although I agree with the majority in its treatment of the stipulation and also in its treatment of the causation of the claimant's heart condition, for the reasons indicated above, however, I believe a remand would be proper. It would afford further consideration regarding the cause of the back injury and any disability resulting therefrom.

Judges CRUMLISH and KRAMER join in this dissent.