334 A.2d 258

**John Z. FRY, Appellant,**

v.

**CALCITE QUARRY CORPORATION and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1975.

Decided March 18, 1975.

Allen H. Krause, Lebanon, for appellant.

Thomas A. Ehrgood, Ehrgood & Ehrgood, Lebanon, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

This is an appeal from a final order of the Commonwealth Court, which reversed a Workmen's Compensation Appeal Board (board) award to appellant, John Z. Fry. We granted allocatur and now reverse the Commonwealth Court.

The facts surrounding this appeal are as follows: On August 9, 1969, appellant suffered a compensable back injury while employed as a truck driver for appellee Calcite Quarry Corporation. Orthopedic surgery was performed by Dr. Thomas Forker, resulting in the removal of four herniated discs. Appellant then returned to work as a truck driver on March 16, 1970, under instructions from Dr. Forker not to lift anything weighing more than twenty-five to thirty-five pounds, and he was also required to wear a back brace. Appellee-employer was aware of these restrictions, which were still in effect at the time of the injury involved in this appeal.

On January 15, 1971, appellant sustained further back injuries while unloading one-hundred-pound bags of salt from the tailgate of one of appellee's trucks. As a result of these injuries, on April 23, 1971, a lumbosacral spine fusion was performed by Dr. Forker on the same area of the back previously injured. Appellant was discharged from the hospital on May 21, 1971. On July 14, 1971, appellant suffered a heart attack which Dr. Forker related to appellant's back injury.

On March 29, 1971, appellant filed a claim with the Bureau of Workmen's Compensation, Pennsylvania De-

partment of Labor and Industry. A hearing before a referee was scheduled for July 21, 1971, but had to be postponed because of appellant's heart attack. A hearing was held on March 29, 1972, before Referee Perna, and on November 16, 1972, an award in favor of appellant was handed down. On December 26, 1972, appellee filed an appeal to the board, and on September 28, 1973, the board affirmed the award and dismissed appellee's appeal. On October 17, 1973, appellee filed an appeal to the Commonwealth Court from the order of the board. On July 18, 1974, the Commonwealth Court, in a four-three decision, reversed the award of the referee and board. We granted allocatur to clarify "the unusual strain doctrine" in workmen's compensation cases and the sufficiency of the evidence in the instant case concerning the cause of appellant's heart attack.

Appellant first argues that the Commonwealth Court erred in not sustaining the findings of the referee and the board that on January 15, 1971, an "accident" occurred within the ambit of the "unusual strain doctrine" which would allow recovery under the Workmen's Compensation Act.

Both parties agree that on January 15, 1971, appellant incurred a back injury while unloading one-hundred-pound bags of salt from the tailgate of one of appellee's trucks. The controversy is centered around whether this injury constitutes an "accident" within the "unusual strain doctrine" and, therefore, is a compensable injury under the Workmen's Compensation Act. An "accident" within the "unusual strain doctrine" occurs when a claimant suffers an injury resulting from overexertion or an unusual strain from an activity which is not within *his* normal work duties. See *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A.2d 601 (1969). The referee made two specific findings of fact dealing with the injury in-

curred on January 15, 1971, which support a finding of an "accident":

"2. On January 15, 1971, the [appellant] Claimant was helping to unload a truckload of salt. The salt was packed in bags weighing 100 pounds. In the process of doing so the Claimant injured his back.

"3. As a result of said accident and injury, the Claimant was disabled and not able to work for the period beginning January 15, 1971 to the present."

■ To support a finding that the injury was within the meaning of the "unusual strain doctrine," appellant testified that since he began his employment with appellee in 1969, he had never loaded or unloaded trucks; rather, he was only a truck driver. Further, George Patton, president of appellee corporation, testified only as to the general duties of truck drivers, not the work performed by appellant. Under these facts we agree with the referee that the injury was within the "unusual strain doctrine."

■ Appellant finally argues that the Commonwealth Court erred in finding insufficient evidence to sustain the findings of the referee that there was a relationship between the injury of January 15, 1971, and appellant's heart attack of July 14, 1971. We agree. Appellant presented Dr. Forker, the orthopedic surgeon who performed the two lower back operations. He stated that in his opinion the two back operations were contributing causes to the emotional stress and anxiety which caused the heart attack. While Dr. Forker was not the attending physician for appellant at the time of his treatment in the intensive care unit, he was familiar with appellant's medical background, and in Dr. Forker's medical opinion there was a causal connection between appellant's back injury and heart attack. That finding was accepted by the referee and affirmed by the board and we find no reason to disturb that finding. See *Utter v.*

*Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973). See also *Aluminum Co. of America v. Theis*, 11 Pa. Cmwlth. 587, 314 A.2d 893 (1974).

Order of the Commonwealth Court reversed. Order of the Workmen's Compensation Board is reinstated.

ROBERTS, J., filed a concurring opinion.

NIX, J., concurs in the result.

POMEROY, J., filed a dissenting opinion.

ROBERTS, Justice (concurring).

In his findings of fact in support of his award to appellant, the referee found:

"6. The Claimant and Defendant stipulated the Claimant did sustain an injury to his back as a result of the accident on January 15, 1971, and that Claimant is entitled to the benefits of the Pennsylvania Workmen's Compensation Act because of his back injury."

Because appellees failed to except to finding no. 6 in their appeal to the Workmen's Compensation Board, they are precluded from arguing on appeal that appellant did not sustain a compensable injury to his back. See *Walker v. Nu-Car Carriers, Inc.*, 164 Pa.Super. 246, 253, 63 A.2d 484, 487 (1949); *Vadnal v. Krsul-Kutchel Coal Co.*, 149 Pa.Super. 269, 273–74, 27 A.2d 709, 710–11 (1942); *Nesbit v. Vandervort & Curry*, 128 Pa.Super. 58, 63–65, 193 A. 393, 396–97 (1937). Therefore, the Commonwealth Court erred in concluding that the record failed to support a finding of compensable injury.*

---

* "There is absolutely no basis in the record for finding of fact No. 6. . . .
"For this reason alone, the referee's award must be reversed, for absent finding of fact No. 6, there is no finding of an accident, compensable or otherwise."
*Calcite Quarry Corp. v. Workmen's Compensation Appeal Board*, 14 Pa.Cmwlth. 347, 351, 322 A.2d 403, 405 (1974).

Because I agree that there is competent evidence to support the referee's finding that appellant's coronary ailment resulted from the injury to his back, I concur in the result.

POMEROY, Justice (dissenting).

My review of the record satisfies me that there was no competent evidence to sustain the finding of fact and the conclusion of law that the appellant's coronary condition was causally related to the injury of January 15, 1971. My position in this respect is well stated by Judge Wilkinson in speaking for the Commonwealth Court majority (a position with which the dissenters in that court also agreed). *Calcite Quarry Corp. v. Workmen's Compensation Appeal Board,* 14 Pa.Cmwlth. 347, 322 A.2d 403, 406 (1974). I must therefore dissent.