337 A.2d 907
**Darious E. HINKLE, Appellant,**
**v.**
**H. J. HEINZ COMPANY, Appellee.**

Supreme Court of Pennsylvania.
Decided May 19, 1975.

112

---

Lloyd F. Engle, Jr., J. Craig Kuhn, Kuhn, Engle, Blair & Stein, Pittsburgh, for appellant.

William L. Standish, IV, Reed, Smith, Shaw & McClay, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is a case of first impression within this Commonwealth. In it, we are asked to determine whether workmen's compensation benefits may be awarded for a partial loss of hearing suffered by an employee by reason of protracted exposure to noise in the usual course of employment.

On September 11, 1969, the claimant, Darious E. Hinkle, filed a petition for compensation with the Workmen's Compensation Board, alleging a 62% loss of hearing in his left ear and a 32% loss of hearing in his right ear. He assigned May 9, 1969, as the date of the accident and excess noise at his place of employment as the cause of the injury. While conceding that he had lost no time from work on account of his injury, except for a one-hour period when he underwent a hearing examination, Hinkle nevertheless contended he had a right to a compensation award for a partial disability. He further claimed medical expenses and asked that the disability award be suspended, pending such time as the disability was reflected in future lost earnings.

At the subsequent hearing before the Workmen's Compensation Referee, it was established that for approximately twenty years, Hinkle had been employed as a mechanic in the can-making operations of the appellee, H. J. Heinz Company [Heinz]. Testimony indicated that the noise in the large room where Hinkle worked was at a high level, a level which increased over the years due to the addition of more machinery. There was no accoustical material used in the large room, although after several employee complaints, Heinz did offer ear protectors to those employed in the can-making operation. However, before Hinkle could present medical testimony establishing the hearing loss resulted from the working condi-

tions, the Referee, on motion of counsel for Heinz, dismissed his claim. The Referee found: (1) that Hinkle had failed to prove he had sustained an accident within the meaning of The Pennsylvania Workmen's Compensation Act;[1] and (2) that the type of injury complained of is specifically excluded from compensation benefits under The Pennsylvania Workmen's Compensation Act and/or The Pennsylvania Occupational Disease Act.[2]

Both the Workmen's Compensation Board and the Court of Common Pleas of Allegheny County sustained the Referee's dismissal of Hinkle's claim. Hinkle then appealed to the Commonwealth Court and was again denied relief. The Commonwealth Court, while recognizing that a partial loss of hearing is compensable under the Workmen's Compensation Act,[3] nevertheless determined that Hinkle had failed to prove a compensable accident within the meaning of the Act. We then granted allocatur.

The basic issue before this Court is whether or not Hinkle has set forth sufficient facts to warrant the conclusion that he sustained personal injury by accident arising out of and in the course of his employment. The intended distinction between those injuries which are compensable and those which are not is divided by a line which, at times, appears indistinct. *Yuhas v. Bethlehem Steel Corporation*, 8 Cmwlth. 302, 307, 303 A.2d 266

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 1 et seq.
2. Act of June 21, 1939, P.L. 566, as amended, 77 P.S. § 1201 et seq.
3. At the time the instant petition was filed, Section 306(b) of the Act, 77 P.S. § 512, provided in pertinent part:
   "For disability *partial* in character . . . sixty-six and two-thirds per centum of the difference between the wages of the injured employe . . . and the earning power of the employe thereafter . . .. This compensation shall be paid during the period of such partial disability . . ., but for not more than three hundred and fifty weeks. . . ." [Emphasis supplied.]
   We note that Heinz does not contest the applicability of Section 306(b) to Hinkle's claim.

(1973); *York v. State Workmen's Insurance Fund,* 131 Pa.Super. 496, 498, 200 A. 230 (1938). The decision in each compensation case depends primarily on its individual facts, *Sayre v. Textile Machine Works,* 129 Pa.Super. 520, 524, 195 A. 786 (1937), bearing in mind that the provisions of the Act are remedial in nature and are to be liberally construed, with borderline interpretations resolved in favor of the injured employee. *U. S. Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Cmwlth. 247, 249, 309 A.2d 842 (1973); *Carpinelli v. Penn Steel Castings Co.,* 209 Pa.Super. 390, 394, 227 A. 2d 912 (1967).

In order to receive compensation under the Act, a claimant must prove both an accident and an injury.[4] *Adamchick v. Wyoming Valley Collieries Company,* 332 Pa. 401, 410, 3 A.2d 377 (1938); *Cole v. Pennsylvania Power & Light Company,* 197 Pa.Super. 648, 651, 180 A.2d 272 (1962). Although the term "accident" is not defined in the Act, our courts have generally defined it as an untoward event, not expected or designed, occurring not from the usual course of events. See *Lacey v. Washburn & Williams Co.,* 309 Pa. 574, 577, 164 A. 724, 725 (1933); *Gausman v. R. T. Pearson Co.,* 284 Pa. 348, 354, 131 A. 247 (1925). "That which distinguishes an accident from other events is the element of being unforeseen." *Lacey v. Washburn & Williams Co.,* supra, 309 Pa. at 578, 164 A. at 725. It is well-settled that the factor which is unforeseen may lie either in the

---

4. As the injury to Hinkle was allegedly incurred prior to May 1, 1972, the effective date of the 1972 Amendments to the Workmen's Compensation Act, Act of March 29, 1972, P.L. 105, Hinkle was required to prove the occurrence of an "accident" within the meaning of Section 301(c), 77 P.S. § 411. The 1972 Amendments removed the necessity of proving an "accident" in order to be eligible for compensation. Thus, for all injuries incurred on or after May 1, 1972, it will only be necessary to prove an "injury arising in the course of . . . employment". Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 411(1). Cf. *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Cmwlth. 176, 305 A.2d 757 (1973).

circumstances causing the injury or in the nature of the injury itself. *Good v. Pa. Department of Property and Supplies*, 346 Pa. 151, 154, 30 A.2d 434 (1943); *Wance v. Gettig Eng. & Mfg. Co., Inc.*, 204 Pa.Super. 297, 300, 204 A.2d 492 (1964). Thus, "where the work or act performed by the employee is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result; . . . *the accident resides in the extraordinary nature of the effect rather than in the cause.*" [Emphasis supplied.] *Parks v. Miller Printing Machine Company*, 336 Pa. 455, 459, 9 A.2d 742 (1939). See also *Wance v. Gettig Eng. & Mfg. Co., Inc.*, supra; *Gammaitoni v. Gasparini Excavating Company*, 185 Pa.Super. 643, 139 A.2d 679 (1958). This effect-oriented approach to the definition of what constitutes an accident is particularly applicable instantly since Hinkle does not allege that any one specific and traumatic occurrence precipitated the partial loss of hearing.

■ Herein, Hinkle alleges the partial loss of hearing resulted from protracted exposure to high noise levels at his place of employment caused by the operation of heavy machinery. While conceding his employment was not marked by any unusual feature, Hinkle contends an accident within the meaning of the Act occurred when he suffered the unexpected loss of hearing. We agree.

■■ The appellee points to Hinkle's failure to indicate that the injury was incurred after any one particular outburst of noise as proof that no accident occurred within the meaning of the Act. However, if, as must be conceded, hearing loss precipitated by one particular outburst of noise would be compensable, we would frustrate the remedial purposes behind our workmen's compensation legislation if we were to deny relief to one injured by a series of similar noises, all occurring in the course of his employment, no one of which caused the injury. Manifestly, each outburst of noise contributed to the

hearing loss, with each particular effect being sudden. Viewing, as we do, each outburst of noise as a miniature accident operating to break down the claimant's physical structure, we rule that loss of hearing resulting from protracted exposure to noise during the course of employment may constitute a compensable accident within the meaning of the Act. The right of a claimant to compensation should not be barred because he cannot definitely fix the date of the accident resulting in his disability, either because he cannot remember the precise time when the accident occurred or because the accident was of such a nature that there is difficulty in ascertaining when it happened.[5]

The appellee relies upon *Mauchline v. State Insurance Fund*, 279 Pa. 524, 124 A. 168 (1924), for the proposition that an injury is compensable only if it arises from an accident occurring at a particular time. In that case, the claimant was denied compensation for the contraction of emphysema brought about by the inhalation of smoke and other fumes emitted by the defendant company's electrical generator. The Supreme Court, reversing the lower court, held that no compensable accident had occurred since the condition was the result of an occupational disease, normally of slow development and not arising from some undesigned event occurring at a particular time. This decision, appellee contends, should control the disposition of the instant case.

While we have considerable doubt as to the continuing vitality of the *Mauchline* decision, in light of recent pronouncements by this Court recognizing the remedial pur-

5. Larson notes:
"Most jurisdictions will regard the time of accident as sufficiently definite if either the cause is reasonably limited in time or the result materializes at an identifiable point. In the absence of definiteness in time of either cause or effect, as when repeated impacts or inhalations gradually produce disability, *many courts find accident by treating each impact or inhalation as a separate accident.*" [Emphasis supplied.]
1A Larson, Workmen's Compensation Law, § 39.00 (1973).

poses behind our workmen's compensation laws and expanding the scope of compensable accidents, *Fry v. Calcite Quarry Corporation,* 460 Pa. 610, 334 A.2d 258 (1975); *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A.2d 601 (1969), we believe the instant case is factually distinguishable. In *Mauchline,* there was no evidence relating the origin of claimant's disability to trauma in the sense alleged herein. No outside thrust of traumatic force assailed or beat upon the workmen's physical structure as happened instantly. The exposure to smoke and fumes cannot justifiably be compared to the constant hammering noise which it is alleged affected the bone structure and nerve endings in Hinkle's aural cavity. And, while we can identify emphysema as a disease, not covered by the Act, a partial loss of hearing cannot be so easily classified.

The appellee further contends that the claimant, with full knowledge of the working conditions, voluntarily exposed himself to the risk of hearing loss, thus estopping him from claiming the loss of hearing was unforeseen and unexpected.

However, there is nothing in the record to justify the conclusion that Hinkle voluntarily exposed himself to the risk of hearing loss. Rather, the record is replete with testimony evidencing Hinkle's complaints about the working conditions.[6] In addition, appellee's contention is tantamount to an assertion that Hinkle voluntarily assumed the risk of his injury, a defense specifically rendered unavailable to the employer by Section 201 of the Act, 77 P.S. § 41.[7]

---

6. The testimony indicated that Hinkle's complaints brought about the issuance, by Heinz, of ear protectors to those employed in the can-making operation.

7. Section 201 of the Act, 77 P.S. § 41 provides:
   "In any action brought to recover damages for personal injury to an employe in the course of employment, or for death resulting from such injury, it shall not be a defense—
   *    *    *    *    *    *    *    *    *    *
   "(b) That the employe had assumed the risk of the injury;"

This result is in accord with determinations reached by other state courts. In *Winkleman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P.2d 171 (1949), an assistant instructor of guards at defendant company's pistol range brought a common-law action against his employer to recover for a permanent loss of hearing occasioned by his exposure to pistol shots on the range each working day for eighteen months. The Kansas Supreme Court denied the employee's claim and held that his sole remedy was under that state's workmen's compensation statute. In evaluating the applicability of the workmen's compensation statute to the employee's claim, the Kansas court held it was not necessary to point to the particular shot that had caused his deafness saying, "If injury occurring as the result of a single accident is compensable, surely we will not declare that injury resulting from a dozen or more of the same or similar accidents, all occurring in the course of the employment, is noncompensable."

Similarly, in *Shipman v. Employers Mutual Liability Insurance Company*, 105 Ga.App. 487, 125 S.E.2d 72 (1962), an employee with Lockheed Aircraft Corporation sought workmen's compensation for a partial loss of hearing caused by his exposure to jet aircraft engine noice, as a flight-line mechanic, for six years. The Georgia Court of Appeals held that such an injury was compensable under that state's workmen's compensation statute and stated: "[W]e do not think that it is necessary that the claimant be able to put his finger . . . upon the particular occasion when the engine noise left him bereft of his hearing."

Thus, it is apparent our decision today is not without precedent. Inasmuch as Hinkle was precluded from presenting medical testimony establishing the hearing loss was caused by the working conditions, the Order of the Commonwealth Court is vacated and the record is remanded to the Workmen's Compensation Board for further proceedings consistent with this opinion.

ROBERTS and MANDERINO, JJ., join in this opinion.

ROBERTS, J., filed a concurring opinion in which MANDERINO, J., joins.

POMEROY, J., filed a dissenting opinion.

ROBERTS, Justice (concurring).

I join the Opinion of the Court, but believe that *Mauchline v. State Insurance Fund*, 279 Pa. 524, 124 A. 2d 168 (1924), should be explicitly overruled. Since the decision of *Mauchline* a half-century ago, the developments, both statutory and decisional, in the law of Workmen's Compensation have been steadily away from the restrictive construction there applied to the Act. Consequently, the authority of *Mauchline* has been steadily eroded and it is clear to me that it has now been implicitly overruled. The orderly and effective administration of the Workmen's Compensation Act and the prompt and correct determination of claims under the Act would best be advanced by declaring specifically that the doctrine of *Mauchline* should no longer be followed.

MANDERINO, J., joins in this concurring opinion.

POMEROY, Justice (dissenting).

The meaning of the deceptively simple word "accident" has been the subject of endless litigation in the workmen's compensation field. Happily the end of this process is in sight in Pennsylvania for, as the opinion of the Court notes, ante at 910, n. 4, the 1972 amendments to the Workmen's Compensation Act [1] replace the phrase "injury by an accident in the course of his employment" with the broader phrase "injury in the course of his employment". 77 P.S. §§ 411, 431 (Supp.1974). In the

1. Act of March 29, 1972, P.L. 105, No. 61, § 1 et seq., as amended.

meantime, however, the courts must deal with the remnant of cases which antedate the 1972 amendments and in which the meaning of the term "accident" is still in issue. This is such a case.

The compensation referee, the Workmen's Compensation Board, the Court of Common Pleas and the Commonwealth Court, without dissent, all have found that no "accident" within the meaning of the Workmen's Compensation Act as it existed at the time of filing the instant claim was sustained by Darious Hinkle. In this conclusion they were undoubtedly correct under all the prior law in Pennsylvania. While admittedly the Workmen's Compensation Act is to be construed liberally to give effect to its remedial purposes, this does not justify the kind of judicial legislation which the Court's opinion constitutes.

As the Court acknowledges, "accident" has traditionally been thought to connote some unexpected and identifiable event either in terms of the occurrence in which an employee is involved or the physical result thereof on the employee. The Court today holds, however, that the usual, expectable and to a large degree unavoidable noise factor incident to employment in a can factory subjects the employee to an infinitude of "miniature accidents" comprised of "each outburst of noise" which has been emitted in the factory during the claimant's twenty years of employment there. This is nothing more or less than a holding that any work-related physical disability of gradual, imperceptible development over the years is compensable. The result is no doubt socially desirable, but it is not what the legislature intended, at least before 1972.[2]

2. The schedule of compensation for certain specified permanent injuries, contained in Section 306(c) of the Act, as amended in 1972, 77 P.S. § 513(8) (Supp.1974), provides only for the *complete* loss of hearing in one or both ears. (Loss of hearing in one ear only was not compensable under the Act as it stood before the 1972 amendments). Thus, compensation for partial losses of

The physical disability that now regrettably afflicts appellant—an involvement of "the bone structure and nerve endings in Hinkle's aural cavity", as the Court's opinion describes it—is much more akin to an occupational disease than it is to an accident,[3] yet the legislature in the Pennsylvania Occupational Disease Act has expressly provided that "partial loss of hearing due to noise shall not be considered an occupational disease." [4] Lack of coverage under that Act, however, does not qualify such a loss as compensable under the Workmen's Compensation Act.

For the reasons indicated, I would affirm on the basis of the opinion of Judge KRAMER, speaking for a unanimous Commonwealth Court. 7 Pa.Cmwlth. 216, 298 A.2d 632 (1972).

hearing, if such disabilities are compensable at all, must be made not under Section 306(c) but under Section 306(b) of the Act, as amended in 1972, 77 P.S. (Supp.1974). The latter section provides for compensation, based on loss of earning power, for disabilities partial in character, but excludes "the particular cases mentioned in clause (c)" of Section 306, 77 P.S. § 513, *supra. See* 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease § 5.21(2) at 52, 53 (1975).

3. See *Parks v. Miller Printing Machine Co.*, 336 Pa. 455, 461–462, 9 A.2d 742 (1939). For a discussion of the relationship between the concept of accident and that of an occupational disease, see 1A Larson, The Law of Workmen's Compensation (1973), § 39.60 and § 41.00 et seq., esp. § 41.50.

4. Act of June 21, 1939, P.L. 566, § 108, as amended by the Act of December 10, 1959, P.L. 1746, § 1, as amended, 77 P.S. § 1208(n) (Supp.1974). This provision remains unchanged in the 1972 amendments.