# Condron, Appellant, *v.* The Philadelphia & Reading Coal & Iron Company.

*Workmen's Compensation Act—Disappearance of employee—Last seen entering mine—Failure to establish accident—Refusal of compensation—Referee's findings.*

On a petition for compensation, under the Workingmen's Compensation Act, the claimant alleged that she was entitled to compensation because of the death of a minor son, who was employed in the mine of the defendant company and was last seen in one of the gangways, going back to look for a watch which he had lost. No evidence was produced to show that the employee was the victim of an accident, although no trace of him was found in any of the workings of the mine, after a continuous search of more than one month. It also appeared that there were seven or eight passages through which he could have gone to the surface. Under such circumstances, the findings of the referee, affirmed by the Workmen's Compensation Board, that the employee was not killed

during the course of his employment, were fully sustained by the evidence, and will be affirmed by the Superior Court.

Argued October 26, 1921. Appeal, No. 177, Oct. T., 1921, by plaintiff, from judgment of C. P. Northumberland County, Sept. T., 1920, No. 458, affirming decision of Workmen's Compensation Board in the case of Margaret Condron v. The Philadelphia & Reading Coal and Iron Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before CUMMINGS, P. J.

The court affirmed the decision of the Workmen's Compensation Board in the following opinion:

Margaret Condron, the plaintiff, filed a petition asking for compensation for the death of her son, who was her only support and who was seventeen years of age, and in the employ of the defendant company at its Alaska Colliery at Mount Carmel Junction, Northumberland County, Pennsylvania, on November 25, 1918.

On this day William Condron was employed as a driver in No. 4 Slope, second lift, of the Alaska Colliery, and at the close of the day's work, between three and four o'clock in the afternoon of said day, the mule that William Condron had charge of was taken to the stable by another boy, and William Condron was seen returning through Slope No. 4, stating that he was looking for his watch; he did not return home on the night of the 25th of November, and was reported missing the next morning by his mother, and on the forenoon of November 26th the superintendent in charge of the mine, assisted by the mine foreman, fire bosses and engineers, organized a search of all the workings, old and new, of the said mine, continuing the same from day to day up until about January 4, 1919, when the search was abandoned; the mine workings had been gone over at numerous times; search was made in every place where it

might be possible the mine boy could be found. The boy was not and has not, up to this time been located. Compensation was refused by the referee for the reason, as he contended, that the claimant has failed to establish by that preponderance of probability required on the part of one who alleges that her minor son, William Condron, met with an accident which resulted in his death while in the course of his employment for the defendant company at its Alaska mine on November 25, 1918, or any subsequent time.

The question raised by the exceptions filed is, has the claimant sufficiently proved the allegation that her minor son, William Condron, met with an accident upon the premises of the defendant at its Alaska mine and while in the employment of the defendant, which resulted in his death?

In Burr v. Simm et al., 4th Wharton 150, it is held:

"1. The English rule that in the case of an absent person, whom no tidings are received, the presumption of the continuance of life ceases at the end of seven years, is adopted in this State.

"2. But the presumption of death as a limitation of the presumption of life, must be taken to run exclusively from the termination of the prescribed period; so that the jury are bound to presume that the person lived throughout the whole period of seven years, unless there are circumstances in evidence to quicken the time.

"3. The circumstances which are sufficient to take a case out of the operation of the rule, must be such as show that the individual was at some particular date, in contact with a specific peril.

"4. Mere general perils are not sufficient; and, therefore, the departure of a person for the Spanish Main, in or about the year 1792, without any account of him ever having been received down to the year 1837, was held not to be sufficient to authorize a direction to the jury that they might infer his death to have taken place in or about 1797."

Shoneman's Appeal, 174 Pa., page 1, it is held: "Where a person leaves his home and place of residence for temporary purposes and is not seen, heard of, or known to be living for the term of seven years thereafter, he is presumed to be dead; but in such case the presumption of death does not arise until the expiration of seven years from the time of disappearance unless there is evidence that the person was, at some particular date, in contact with a specific peril as a circumstance to quicken the operation of time.

"A member of a mutual benefit association suddenly disappeared under circumstances of such a character as to refute the theory of abandonment of family, friends and business. Shortly after his disappearance an assessment became due, and not being paid, his name was stricken from the list of members. The widow subsequently claimed death benefits. There was nothing to show that the member had been exposed to any specific peril. Held (1) that he was presumed to be alive until the expiration of seven years after his disappearance; (2) that the presumption of death did not begin to run until the limitation of the presumption of life; (3) that the burden was on the widow to show that her husband was dead at the time his name was stricken from the list of members; (4) that in the absence of such proof the association was justified in striking his name from the list of members; (5) that the widow was not entitled to recover."

"Where one disappears from his home there is no presumption of his death until he has been absent and unheard of for a period of seven years, following his disappearance": Bradley v. Bradley, 4th Wharton 173; Whiteside's App., 23 Pa. 114; Easterly's App., 109 Pa. 222; Welsh's App., 26 Pa. 297; Baker v. Trust Co., 55 Pa. Superior Ct. 15.

In Schoneman's Appeal, supra, the Supreme Court in applying the rule as to the presumption of death, at page 10, says:

"It is undoubtedly true that additional circumstances of probability may justify a presumption that the death was still sooner; but these, where they operate, introduce a distinct and dissimilar principle. To justify the introduction of that dissimilar principle and its application in any case, there must be, as was afterward said, some date, in contact with a specific peril as a circumstance to quicken the operation of time......Mere general perils are not sufficient."

In 13th Cyc. 295 and 296, the rule is stated:

"As a general rule, when a person is shown or appears to have lived at one time, the presumption is that he is still alive, at least for such a time as is not contrary to the laws of nature in respect to the duration of human life. This rule is not confined in this particular to any particular class of individuals, but applies to children, to persons of advanced age, as well as to persons in the prime of life and to persons in bad health as well as to those whose health is good."

Under the above authorities we believe that the referee was correct in holding that the claimant failed to establish by that preponderance of probability required on her part that her minor son, William Condron, met with an accident upon the premises of the defendant at its Alaska Mine in Northumberland County, Pennsylvania, on November 25, 1918, or at any time thereafter, resulting in his death; that the presumption of the death of this driver boy in the course of his employment for the defendant does not arise in the case at bar and that, therefore, the defendant is not liable for the payment of compensation to the claimant as the surviving and dependent parent of the missing employee, William Condron. We have examined the cases cited by counsel for the appellee, and are of opinion that they have no application to the case under consideration.

In the case under consideration the testimony is silent as to an accident. Careful and continued search reveal none. To say the most, the boy, who was an employee of

the Alaska Colliery, was seen going into the mine in search of his watch. We believe the testimony falls short of that required to entitle claimant to compensation and, therefore, dismiss the exceptions and affirm the findings of the referee. Exception noted for claimant.

*Error assigned,* among others, was the order of the court.

*Roger J. Dever,* for appellant.

*Voris Auten,* and with him *B. D. Troutman,* for appellee.

OPINION BY HENDERSON, J., December 15, 1921:

The plaintiff alleged that she is entitled to compensation because of the death of a minor son, who was employed in a mine of the defendant company and who was last seen in one of the gangways, going back to look for a watch which he said he had lost; this was on November 25, 1918. So far as appears from the evidence, the young man has not been seen from that time.

The evidence does not show that he was the subject of an accident. The case rests on the inference, therefore, that he lost his life in the mine—this inference arising from the fact that he did not return home, nor was he seen in the places where he was accustomed to be. It is not the case of a presumption from a disappearance continued for seven years. Within a shorter period, the presumption of life exists, except where the exposure of the person to imminent peril may be a circumstance from which the presumption of death might arise. The case discloses the fact that an extended search of the mine was made, which continued for more than a month, and that no trace of the boy was found in any of the workings or openings. It also appears that there were

seven or eight passages through which he could have gone to the surface.

No evidence was introduced tending to show a special peril to which he was exposed. He had been employed in the mine for about five months, and presumably was familiar with the locality in which he was engaged as the driver of a mule. He was last seen between three and four o'clock in the afternoon, and men were working in the mine in the vicinity of the place where he was seen until about nine o'clock that night.

The evidence thus raised a clear issue of fact, and from a consideration of that evidence the referee was of the opinion that the claimant had failed to show by the preponderance of evidence that her son had met with an accident in the mine which resulted in his death. This conclusion was affirmed by the compensation board, and the learned trial judge was of the opinion that the findings of fact were conclusive on the court. His opinion adequately covers the case, and we do not find a sufficient reason for disagreeing therewith.

The judgment is, therefore, affirmed.