Kirby, Appellant, *v.* Carnegie-Illinois Steel Corporation.

Argued April 18, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Wilbur C. Douglass,* with him *William M. Howard,* for appellant.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

This is a workmen's compensation case in which Ida Kirby, claimant, widow of Grant Kirby, deceased, a former employee of the Carnegie-Illinois Steel Corpora-

tion, appeals from the order of the Court of Common Pleas of Allegheny County, dismissing her appeal from the workmen's compensation board in affirming the findings of fact and conclusions of law of the referee, disallowing her compensation for the death of her husband on April 9, 1937, as a result of an infection of the finger. The opinion in the lower court is by GARDNER, J.

Mrs. Kirby testified that on March 27, 1937, when Kirby came home from work, he had his hand wrapped; that he told her he got hurt in the mill and that he was hurt while working on a truck lifting a tank. Dr. Patterson testified that Kirby gave him a history of hurting his finger in the mill. All of this testimony as to an accident was objected to as hearsay. It was not competent as a part of the res gestae.

The witness, Tidswell, testified that during working hours at defendant's mill, he observed blood on one of Kirby's fingers two or more months before Kirby's death; that he insisted that Kirby go to the mill hospital; that Kirby worked for a couple of months thereafter and that his finger was bandaged for a week or so; that it was six or seven weeks before Kirby's death; that he told Kirby to go to the hospital; that Kirby came back from the hospital with his finger wrapped and worked six to seven weeks after that and then was laid off.

The witness, Alick, testified that Kirby worked at least a couple of weeks after he (Alick) had been told something about Kirby.

The witness Ellison testified that he and Kirby loaded trucks; that in March of 1937 he saw blood on Kirby's finger while they were at work; that Kirby got the finger fixed and was back at work for a few weeks before his death; that it was in the afternoon that Kirby went to the hospital; that he worked with Kirby every day and that he told Kirby to go to the hospital, and then Kirby

had his finger bandaged and returned from the hospital.

The witness Ginger testified that he was assistant superintendent in the defendant's mill; that Kirby worked under him; that he had no knowledge concerning an injury to Kirby in March 1937, but that he had known of a previous injury to Kirby on November 10, 1936.

Dr. Rickenbrode, a witness for defendant, testified that the company's hospital records did not show any treatment of Kirby on March 27, 1937, but did show a visit to the hospital on November 10, 1936, for a lacerated wound on the small finger of the right hand.

As to notice of an accident, Mrs. Kirby testified that she sent word to the mill on April 5th that Kirby was hurt and not able to go to work, and that between April and August, 1937, she went to the mill several times and asked for compensation, but she did not state that she reported an accidental injury, and she testified that those to whom she talked, discussed widow's pension and widow's assistance.

Both the board and the court below stated in the respective opinions that this testimony as to an accident is so vague and indefinite, as not to satisfy the burden of proof required of claimant to establish the happening of an accident by a preponderance of the testimony.

Quoting from the opinion of Judge RHODES in *Edmiston v. Wolf,* 134 Pa. Superior Ct. 7, 3 A. 2d 177, this court said, pp. 11, 12: "We have said repeatedly that it is the exclusive function of the compensation authorities to find facts, whether from direct or circumstantial evidence, and the inferences therefrom. ...... Credibility of the witnesses was for the fact-finding bodies. It was the prerogative of the compensation authorities to give his testimony such consideration as it might deserve and to accept or reject it in whole or part accordingly."

In the case of *Stauffer v. Susquehanna Collieries Co.,*

116 Pa. Superior Ct. 277, 176 A. 740, this court, in an opinion by Judge PARKER, said, p. 280: "The burden was on the claimant to prove her case by a preponderance of the evidence," citing: *Condron v. P. & R. C. & I. Co.*, 78 Pa. Superior Ct. 133, and *Keyes v. N. Y., O. & W. R. R.*, 265 Pa. 105, 108 A. 406.

In *Seitzinger v. Fort Pitt Brewing Co.*, 294 Pa. 253, 144 A. 79, the Supreme Court said: "We agree with appellee that the burden of proof is upon the claimant, and, if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if, in the opinion of the board, such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given."

Quoting from the opinion of the board: "The only convincing testimony tending to establish the happening of the accident is the testimony of fellow workmen that blood was noticed on a finger of the decedent's hand some time prior to his death. The time that this occurred is not fixed with any degree of certainty or the finger upon which the blood was noticed is not identified. All of this testimony might as well refer to the injury of November 10, 1936, at which time the decedent received a lacerated wound on the little finger of the right hand as to any other injury. The site of the wound causing the decedent's death is on the index finger of the left hand. There is no testimony to show that this injury occurred during the course of decedent's employment with the defendant. The injury itself, of course, does not establish the happening of an accident."

After a careful examination of the entire record, we are of the same opinion as the board.

The assignments of error are overruled and judgment affirmed.