Swartz, Appellant, *v.* Fisher & Young, Inc.

Submitted November 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*R. Charles Thomas,* and *Bozic, Bozic & Thomas,* for appellant.

*Howard N. Plate, Paul D. Shafer, Jr.,* and *Quinn, Plate, Gent, Buseck and Leemhuis,* and *Thomas, Shafer, Walker, Dornhaffer & Swick,* for appellee.

OPINION BY WRIGHT, J., December 14, 1967:

This is a workmen's compensation case. On August 18, 1962, the claimant, Floyd O. Swartz, sustained an accidental injury while in the course of his employment with Fisher & Young, Incorporated. An open compensation agreement was executed wherein the injury was described as follows: "While loading logs in woods, log rolled from pile and struck employee's right ankle. Result: Sprain of the right ankle". On July 2, 1964, the employer filed a petition for modification of the agreement on the ground of changed disability, alleging that the claimant was no longer totally disabled. To this petition claimant filed an answer, alleging that he was still totally disabled. Following hearings, the Referee entered a decision, December 3, 1965, granting the employer's petition, modifying the compensation agreement to provide payment for total disability up to November 1, 1963, and for thirty-five percent partial disability thereafter. The Workmen's Compensation Board affirmed this award, and the court below affirmed the decision of the Board. Claimant has appealed to this court.

The record discloses that claimant is presently suffering from a back condition referred to as spondylolisthesis. The pivotal issue is whether this back condition is causally related to the accident. The compensation authorities found on conflicting medical testimony that there was no causal connection. It should perhaps be noted that claimant made no complaint about the condition of his back until December 1963.

The extent of physical disability is a complex factual matter dependent upon many variables, and the determination of this question is within the province

of the compensation authorities, as is also the question of the credibility of the witnesses and the weight of their testimony; where, in a conflict of medical opinion, the Board determines the pivotal issue against the claimant, the question on review is not whether the evidence would sustain a finding for the claimant, but whether there was a capricious disregard of competent evidence in the refusal so to find: *Chernetsky v. William Penn Stripping Company,* 200 Pa. Superior Ct. 277, 188 A. 2d 770. Where the Board has found against the claimant, the evidence on appeal must be viewed in the light most favorable to the employer: *Desiderio v. Penn Fruit Co., Inc.,* 207 Pa. Superior Ct. 468, 218 A. 2d 602. We agree with Judge F. JOSEPH THOMAS of the court below that the instant record does not disclose a capricious disregard of competent evidence.

Order affirmed.