Mary Verabish, Appellant, *v.* Workmen's Compensation Appeal Board, Cambria County Home and Hospital and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellees.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Patrick H. Washington,* for appellant.

*Edward G. Kuyat, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, January 10, 1975:

This is an appeal by Mary Verabish (claimant) from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of compensation benefits.

Claimant was employed by the Cambria County Home and Hospital (employer) as an attendant for bedridden patients when, on August 20, 1968, her arm became suddenly sore while she was taking care of a patient. She applied for compensation benefits which were subsequently denied by a referee on the basis that she had not suffered a compensable accident within the meaning of

The Pennsylvania Workmen's Compensation Act.[1] The Board then affirmed the referee and this appeal followed.

Our scope of review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial competent evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has affirmed the findings and conclusions of the referee and has found against the party having the burden of proof,[2] review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and the Board's order and can be sustained without a capricious disregard of competent evidence. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

Our careful reading of the record convinces us that the findings of the referee (subsequently adopted by the Board) can be sustained without a capricious disregard of competent evidence and adequately support the conclusion that claimant failed to prove the occurrence of a compensable accident under the Act. As we stated in *Hinkle, supra,* there are four categories of compensable accidents recognized by the courts of Pennsylvania. These are: (1) a sudden, unexpected traumatic event such as a fall or blow, (2) unusual exertion in the course of work causing an unexpected and sudden injury, (3) an unusual pathological result of an ordinary condition of work, and

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq.

2. The claimant has the burden of proving that she suffered a compensable accident within the meaning of the Act. *See Hinkle v. H. J. Heinz Company,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972).

(4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee.

Unfortunately for claimant, her testimony before the referee was insufficient to establish an accident under any of these four categories and, in fact, affirmatively *negated* the applicability of each of the four categories to the incident causing her injury. While it is most unfortunate for the claimant, it is clear that the injury she suffered was not compensable under the provisions of this Act in effect at the time of her injury.

Claimant next argues that the referee committed certain procedural errors which compel our reversal. The first claim of error is the referee's rendering of his decision on April 18, 1973, when counsel for both parties are alleged to have scheduled a further hearing for medical testimony on May 10, 1973. Suffice it to say that this allegation is not supported by anything in the record now before us. The record does reveal that claimant's counsel was granted four continuances in this case and that the referee waited for claimant's promised medical testimony for over a year before filing his order. We find that claimant had adequate time to present her case and that the referee's closing of the case after a year had passed was not an abuse of his discretion.

Claimant also alleges that the referee erred in refusing to accept her doctor's report while later accepting a report from the employer's doctor. This allegation, however, is not supported by the record which shows that the referee admitted both doctor's reports into evidence.

Claimant's final contention is that the Board erred in not remanding for additional testimony. However, claimant did not follow the procedures set out in the regulations of the Board, 34 Pa. Code §111.17, for a party desiring to offer additional testimony and did not even appear before the Board on the date set for argument on her appeal from the referee. Under these circum-

stances, the failure of the Board to order a remand was well within its discretion and entirely proper.

We, therefore, issue the following

ORDER

AND NOW, this 10th day of January, 1975, the order of the Workmen's Compensation Appeal Board relative to the claim of Mary Verabish is hereby affirmed.