Workmen's Compensation Appeal Board and Pennsylvania Department of Transportation and State Workmen's Insurance Fund, Insurance Carrier, Appellees, *v.* Allen Stolsky, Appellant.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Allen Stolsky,* appellant, for himself.

*John E. O'Connor,* Chief Counsel, State Workmen's Insurance Fund, and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, April 17, 1975:

The critical issue in this case is whether or not the claimant, Allen Stolsky, has sustained his burden of proving that he has suffered a disability due to an accident under the provisions of The Pennsylvania Workmen's Compensation Act.[1]

The claimant had been employed for approximately thirteen years as an operator of computers and data processing equipment with the Pennsylvania Department of Transportation. In February of 1971 he was assigned to new equipment which apparently produced a higher noise level than the equipment which he previously operated. He claims that he then developed a ringing in his ears and that he now suffers a disability as a result of partially impaired hearing and hypersensitive ears. The referee concluded "that claimant has failed to prove the happening of an accident in the course of his employment within the meaning and definition of The Workmen's Compensation Act." The Board affirmed and this appeal followed. We affirm.

We have stated that "the Workmen's Compensation Act does not provide benefits for a partial loss of hearing, unless the claimant proves a compensable accident." *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 225, 298 A.2d 632, 636 (1972). As we also said in *Hinkle*, an accident in a case such as this is established where the claimant has shown an unexpected definable event, or series of events, occuring under ordinary conditions of work, which caused a sudden onset of an unexpected pathological result. The claimant here, however, has failed to prove an unexpected occurrence at work, or that his condition was caused by some specific event. His medical testimony indicates at best that his loss of hear-

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

ing "might be related to the noise level." Under our holding in *Hinkle,* this is clearly insufficient to meet his burden of proof. We, therefore, issue the following

ORDER

AND, Now this 17th day of April, 1975, the decision and order of disallowance by The Workmen's Compensation Appeal Board is hereby affirmed.