Workmen's Compensation Appeal Board, N.V.F. Company and Liberty Mutual Insurance Company, Insurance Carrier, *v.* Mrs. Ethel Hamilton, Appellant.

Argued September 12, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Robert A. Rosin,* for appellant.

*John G. Jenemann,* with him *Joseph R. Thompson* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., October 27, 1975:

This is an appeal by Ethel Hamilton (Claimant) from an opinion and order of the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of workmen's compensation benefits and dismissing her claim petition.

Claimant was employed by the N.V.F. Company (Employer) in April 1969. From December, 1969 until Jan-

uary, 1971 Claimant's duties consisted of operating a plastic molding machine. The work required repeated overhead striking of a wooden mallet against the machine in order to loosen the finished product by knocking side plates from the top of a press. On January 20, 1971, Claimant experienced pain in her elbow. The examination by Claimant's orthopedic physician disclosed a condition known as "epicondylitis" of the right arm. He testified that the condition was work-related and the result of a gradual process caused by the repeated movement of the mallet. He further testified that there were no preexisting degenerative diseases which caused Claimant's condition.

The referee found as a fact that the Claimant's epicondylitis was a result of the repetitive overhead striking of the mallet in the course of her normal duties. He concluded, however, that the facts did not constitute an "accident" within the meaning of that term in The Pennsylvania Workmen's Compensation Act.[1]

The Board affirmed the referee's findings of fact and conclusions of law and Claimant filed this appeal. We reverse.

The question presented on appeal is whether the referee erred as a matter of law in his determination that Claimant did not sustain a compensable "accident." For the reasons outlined below, we answer this question in the affirmative.

Where, as here, the Board has affirmed the findings of fact and conclusions of law of the referee and has found against the party having the burden of proof, review by this Court is to determine whether the findings are consistent with each other and with the conclusions of law and the Board's order can be sustained without a capricious disregard of competent evidence. *Verabish*

---

1. Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §411. Although the 1972 amendments dispense with the need for proof of an "accident," the events alleged to have occurred in the instant case took place prior to the effective date of the 1972 Amendments.

*v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 5, 330 A. 2d 542 (1975). Since the determination of whether or not there is a compensable "accident" is a question of law, *Holland v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 367, 332 A. 2d 834 (1975), we are within our authorized scope of review.

Claimant contends that she has sustained her permanent disability as a result of an industrial accident under the unusual pathological result doctrine. Under that doctrine, a claimant establishes an accident by proving the occurrence of an unexpected injury caused by a definable event or series of events while performing his usual work and the occurrence of a break or change in the physical structure or body tissues. *Dunlap v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 19, 330 A. 2d 555 (1975).

The Employer and its insurance carrier contend that our holding in *Hinkle v. H. J. Heinz Co.,* 7 Pa. Commonwealth Ct. 216, 298 A. 2d 632 (1972) supports the conclusions of the referee since, in *Hinkle,* we held that normal expected results are not compensable under the unusual pathological result doctrine. They contend further that Claimant is not entitled to recover since she failed to show a sudden occurrence of the injury. Although the Employer has correctly cited us in *Hinkle, supra,* both the Employer and this Court are bound by the pronouncements of the Pennsylvania Supreme Court[2] in the same case.

In *Hinkle,* an employee claimed workmen's compensation benefits for a partial loss of hearing resulting from his exposure to noisy machinery during his years of employment. The Supreme Court rejected the employer's argument that the claimant was estopped from claiming that his hearing loss was unforeseen and unexpected. The Court's reasoning was that the employer,

---

2. *Hinkle v. H. J. Heinz Co.*　　Pa.　　, 337 A.2d 907 (1975).

in arguing that the Claimant had full knowledge of the working conditions and had thereby voluntarily exposed himself to the risk, was, in reality, posing an assumption-of-risk argument. The Court then noted that this defense was expressly eliminated by the Workmen's Compensation Act.[3]

Appellee further contends that Claimant may not recover for the reason that she failed to show a "sudden" occurrence. In answering a similar argument in *Hinkle,* the Supreme Court stated:

> "Manifestly, each outburst of noise contributed to the hearing loss, with each particular effect being sudden. Viewing, as we do, each outburst of noise as a miniature accident operating to break down the claimant's physical structure, we rule that loss of hearing resulting from protracted exposure to noise during the course of employment may constitute a compensable accident within the meaning of the Act."

Pa. , 337 A. 2d at 910.

We view the Claimant's repeated overhead hammering activity in the instant case as being analogous to the repeated outburst of noise present in *Hinkle.* Accordingly, we reverse the conclusion of the referee and the Board that Claimant sustained no "accident" within the meaning of the Workmen's Compensation Act and enter the following

ORDER

AND NOW, this 27th day of October 1975, the Order of the Workmen's Compensation Appeal Board is vacated and the record is remanded to the Workmen's Compensation Appeal Board with a direction to make a finding as to the amount of compensation to which Claimant is entitled and to award benefits to Claimant consistent with this opinion.

---

3. Pa. at , 337 A.2d at 911 citing Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §41 (b).