Honorata Szcykalski, Widow of Marion Szcykalski, Deceased, Appellant *v.* Workmen's Compensation Appeal Board, Louis Burke, Inc. and Pennsylvania Manufacturers' Association Insurance Company, Insurance Carrier, Appellees.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Nicholas M. D'Alessandro,* with him *John J. O'Brien,* for appellant.

*David L. White,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, December 3, 1975:

This is an appeal by Honorata Szcykalski (appellant) from an order of the Court of Common Pleas of Philadelphia County affirming an opinion and order of the Workmen's Compensation Appeal Board (Board), which had reversed its referee and denied appellant her claim for compensation based on the death of her husband, Marion Szcykalski (decedent).

The record discloses that decedent was employed by Louis Burke, Inc. (appellee) as a truck driver and that his regular job responsibilities were to drive a delivery truck to various points on a preset delivery route and unload its cargo. On September 8, 1966, decedent reported to work somewhat earlier than his normal starting time of 7:30 a.m. He then proceeded to his first stop of

the route where he experienced a great deal of difficulty in backing the truck against the loading ramp. During the course of unloading his cargo, he died from a coronary occlusion.

In reviewing this case, we are mindful that because the decedent's death occurred, and the Board's decision was rendered, prior to the 1972 amendments to The Pennsylvania Workmen's Compensation Act,[1] our scope of review is limited to a determination of whether the *Board's* findings of fact are consistent with each other and with its conclusions of law and the order and can be sustained without a capricious disregard of the evidence. *Puher v. United States Steel Corporation,* 18 Pa. Commonwealth Ct. 278, 335 A.2d 854 (1975). Additionally, we note that the party who prevails before the Board (in this instance, the appellee), is accorded on appeal a favorable construction of the evidence presented below. *Stump v. Follmer Trucking Company,* 4 Pa. Commonwealth Ct. 110, 286 A.2d 1 (1972).

Here our review centers on whether the evidence in the record supports the Board's findings that the work performed by decedent "was not unusual to his employment, nor was he required to exert a greater amount of exertion, risk or exposure than that to which he was ordinarily subjected" and that decedent's death was brought about "by a heart attack, the exact nature and cause thereof [*sic*], was undetermined."

Prior to the 1972 amendments to the Act, and accordingly in this case, claimants were required to carry the burden of relating the death of an employee to an "accident" within the scope of the decedent's employment in accord with Section 301(c) of the Act, *as amended* by the Act of June 21, 1939, P. L. 520, §1. *See Panther Valley School District v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 178, 318 A.2d 403 (1974).

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

There were generally four categories of "accidents" which were recognized under the decided cases: (1) a sudden, unexpected traumatic event such as a fall or blow, (2) unusual exertion in the course of work causing an unexpected and sudden injury, (3) an unusual pathological result of an ordinary condition of work, and (4) a sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. *Hinkle v. H. J. Heinz Company*, 7 Pa. Commonwealth Ct. 216, 298 A.2d 632 (1972).

Claimant contends that the decedent's death falls within the second type of "accident," which has been often referred to as the "unusual strain doctrine" or the "unusual exertion doctrine." It is clear that under the "unusual strain doctrine" the claimant cannot recover unless she proves that her husband's death resulted from an overexertion or unusual strain encountered in the course of his employment. The application of the doctrine is limited to an analysis of the work history of the individual involved and not according to the work patterns of his vocation in general. *Panther Valley School District v. Workmen's Compensation Appeal Board, supra.* We also note that traditionally, though not exclusively, the doctrine has envisioned an employee faced with a personally unusual emergency situation who must then make a personally unusual physical effort not usually connected with his work in order to meet said situation. *Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A.2d 601 (1969).

Claimant therefore contends that at the time of her spouse's death, he was engaged in physical activity and exertions in the performance of his duties which were far greater than those he usually was required to expend.

In support of this proposition, claimant has emphasized certain testimony in the record. Facts that allegedly prove unusual strain on the part of decedent on the day of his death include testimony that (1) the truck decedent used on the day of his death was older and much

more difficult to steer than trucks he normally used, (2) this truck's tailgate was much lower than the loading platform and therefore decedent was compelled to do the unusual act of lifting the load unusually high onto the loading platform, (3) the boxes, which were quite heavy and out of proper loading order were crumpled over and decedent had to perform the unusual task of rearranging them before unloading, and (4) the decedent slipped while unloading the boxes.

It is possible that, if the testimony presented by claimant's witnesses had not been rebutted by appellee's witnesses and also if it had been accepted by the Board, such testimony could have constituted sufficient evidence to support a finding of an "accident." However, unfortunately for claimant, appellee presented substantial rebutting testimony, and the Board, as the trier of facts, chose to accept that testimony as the more credible. Because it is not within our province to weigh conflicting testimony or to decide what inferences should be drawn therefrom, we are compelled to accept the findings made by the Board, which we also here adjudge to be adequately supported in the record. *See Stump v. Follmer Trucking Company, supra.*

Keeping the foregoing in mind, we additionally find ourselves obliged to sustain as valid the legal conclusions that the Board drew from these findings when it denied the claim petition. As we noted in *Panther Valley School District v. Workmen's Compensation Appeal Board, supra:*

> "An accident may not be inferred from the fact that an employe sustains a heart attack as a result of exertion necessary for the performance of his usual duties. Billick v. Republic Steel Corporation, 214 Pa. Superior Ct. 267, 257 A.2d 589 (1969). The doing of an occasional act involving sustained muscular effort may be part of the usual duties of a workman and, though the work is hard, if it is, as here, of the same

164

kind and quantity and done in the same manner as it has been performed in the past, disability resulting from the exertion does not constitute an accident. McGowan v. Upper Darby Pet Supply, 207 Pa. Superior Ct. 329, 217 A.2d 846 (1966)." 13 Pa. Commonwealth Ct. at 185, 318 A.2d at 407 (1974).

This statement of law is of particular relevance here since the Board found that the work performed by the decedent was not unusual to his employment and that he was not required to undergo a greater amount of exertion, risk or exposure than that to which he was ordinarily subjected.

Simply then, the claimant has failed to meet the burden imposed upon her of proving to the fact finder the occurrence of a compensable "accident" and of relating the same to her husband's death. We therefore issue the following

ORDER

AND NOW, this 3rd day of December, 1975, the order of the Workmen's Compensation Appeal Board in the matter of the claim of Honorata Szcykalski is hereby affirmed; accordingly, judgment is entered in favor of appellees Louis Burke, Inc. and Pennsylvania Manufacturers' Association Insurance Company.