Albert Korn, Petitioner *v.* Workmen's Compensation Appeal Board and Wilson Freight Company, Respondents.

Argued March 11, 1977, before Judges Crumlish, Jr., Kramer and Rogers, sitting as a panel of three.

*John F. Naulty*, for petitioner.

*Thomas R. Bond*, with him *Walter J. Timby, Jr.*, and, of counsel, *LaBrum and Doak*, and *James N. Diefenderfer*, for respondents.

Opinion by Judge Rogers, April 6, 1977:

This is Albert Korn's appeal from an order of the Workmen's Compensation Appeal Board which affirmed a referee's dismissal of his claim petition.

The claimant was employed as a truck driver by the respondent, the Wilson Freight Company. He says that while driving a truck from King of Prussia to Milesburg, Centre County, and returning on August 13, 1971, he was subjected to unusual strain by reason of the heat, fumes, a faulty steering mechanism on his truck, and the emotional trauma of having a flat tire. This unusual strain he contends caused him to have a heart attack on August 16, 1971.

Korn's claims on this appeal are (1) that the referee's finding that he did not suffer an accident within the meaning of The Workmen's Compensation Act[1] is not supported by substantial evidence; and (2) that the case should be remanded for consideration of a deposition of his, the claimant's treating doctor, which was not provided to the referee.

Since the claimant's heart attack occurred before May 1, 1972, the 1972 amendments to The Workmen's Compensation Act do not apply and the claimant was required to prove that his injury was caused by an accident in order to receive compensation. *See Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company*, 19 Pa. Commonwealth Ct. 90, 93, 338 A.2d 744, 746 (1975). He set about supplying the proof of accident by evidence tending to show that his heart attack was caused by strain and exertion unusual to his employment. *See Hamilton v. Procon, Inc.*, 434 Pa. 90, 252 A.2d 601 (1969); *Szcykalski v. Workmen's Compensation Appeal Board*, 22 Pa. Commonwealth Ct. 159, 348 A.2d 442 (1975); and *Panther Valley School District v. Workmen's Compensation Appeal Board*, 13 Pa. Commonwealth Ct. 178, 318 A.2d 403 (1974). The referee found:

> That on August 13, 1971, claimant was performing his usual work duties of driving a tractor-trailer truck from King of Prussia, Pa. to a truck stop in Milesburg, Ohio [sic], a distance of 280 miles one way. During the course of his employment with Wilson Freight on August 13, 1971, the claimant did not experience nor complain of any incidents of an extraordinary or unusual nature or which were not a part of his every day work activities.

There is ample evidence to support this finding. Stephen Preiss, a fellow employe who drove the al-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

legedly defective truck from Milesburg west immediately after the claimant arrived, testified that he had the flat tire repaired and that if the truck was otherwise defective the trouble was not so acute that he reported it in his log. Gary Milarsky, operations manager for the respondent, brought repair records and logs from the vehicles Korn drove on August 13, 1971 as well as the claimant's work records and logs. He testified that these contained no notation of any difficulty experienced by the claimant on that day. The claimant himself admitted that:

> You always have trouble with those trucks, there is always something wrong with them.

The missing deposition, which claimant's counsel took but failed to get to the referee, is attached to his brief. Its purpose was to supply medical opinion evidence that the things which the claimant described as happening on August 13, 1971 caused his heart attack on August 16, 1971. Since the referee found on substantial evidence that these things were not unusual to the claimant's job, it, of course, is not helpful to the claimant's case that his doctor believes that they caused the heart attack. Therefore, the result could not be changed by consideration of the deposition. We note, moreover, that the respondent took the same doctor's deposition for purpose of cross-examination, that this deposition was provided to the referee and that the doctor's opinion that the August 13, 1971 events caused the claimant's heart attack on August 16, 1971 was repeated in this later deposition.

We must affirm the Workmen's Compensation Appeal Board's order.

### ORDER

AND Now, this 6th day of April, 1977, it is Ordered that the order of the Workmen's Compensation Appeal Board be and it is affirmed, and that the appeal herein be and it is dismissed.