Frances M. Merz, Appellant *v.* Commonwealth of Pennsylvania.

Argued April 4, 1977, before Judges KRAMER, WIL-
KINSON, JR. and BLATT, sitting as a panel of three.

*Thomas F. McDevitt,* for appellant.

*Stephen E. Levin,* Assistant Attorney General,
with him *Martin W. Bashoff,* Special Assistant Attor-
ney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 6, 1977:

Claimant appeals from an order of the Court of
Common Pleas of Philadelphia County affirming the
denial of workmen's compensation benefits by the
Workmen's Compensation Appeal Board (Board).
We affirm.

Claimant was employed by the Department of La-
bor and Industry, serving from 1939 to 1964 as a sec-

retary to a referee in the First District. Her principal duties were supervising the office, scheduling hearings and typing notices. In 1964 it was arranged that claimant could work at home. The change altered her duties, requiring an extensive amount of typing each day. Within approximately three months of the change claimant started to experience numbness and a loss of sensation in her right hand for which she obtained medical treatment. The condition, diagnosed as carpal tunnel syndrome, worsened in the right hand and appeared, although less severely, in the left hand. On November 9, 1965, claimant went on sick leave and in February, 1966, her right wrist was operated on. On December 1, 1966, she resigned her position due to her continuing disability. A claim petition was filed on August 18, 1967.[1]

After several hearings a referee found that claimant's disability was caused by her substantial increase in typing and that the typing constituted an accident within the meaning of the Act. An appeal was filed with the Board, which denied benefits on the basis that claimant had failed to prove the existence of an accident.[2] The order was affirmed by the Court of Common Pleas of Philadelphia County.

---

[1] At argument appellee questioned the timeliness of claimant's claim petition. We believe the petition was timely filed under Section 315 of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §602 (Act). In 1967 the Act required a claim petition to be filed within sixteen months of the accident. Act of February 28, 1956, P.L. (1955) 1120. The Act provided, however, that where "payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of filing such petition . . . ." Here, the Board found that payments in lieu of compensation were made to the claimant from November 10, 1965 to June 21, 1966. Claimant's petition was filed within sixteen months of June 21, 1966.

[2] The Board's decision was handed down on October 1, 1970. Therefore, it is controlled by the law as it existed prior to the

The only real question for discussion in this case is whether our Supreme Court's decision in *Hinkle v. H. J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975) and this Court's decision in *Workmen's Compensation Appeal Board v. Hamilton*, 21 Pa. Commonwealth Ct. 425, 346 A.2d 387 (1975) control and require reversal. We think not.

In *Hinkle*, a mechanic in a can-making factory sustained a partial loss of hearing because of his exposure to loud noises over a period of years. The referee, Board, Court of Common Pleas, and this Court all agreed that no accident within the meaning of the Act had occurred. The Supreme Court reversed, stating:

> Viewing, as we do, each outburst of noise as a miniature accident operating to break down the claimant's physical structure, we rule that loss of hearing resulting from protracted exposure to noise during the course of employment may constitute a compensable accident within the meaning of the Act.

*Id.* at 118, 337 A.2d at 910.

In *Hamilton*, the operator of a plastic molding machine was required to repeatedly strike the machine with a wooden mallet to loosen the finished product. As in *Hinkle* the referee and the Board found that no accident had occurred. We reversed, Judge CRUMLISH speaking for the Court stating:

> We view the Claimant's repeated overhead hammering activity in the instant case as being analogous to the repeated outburst of noise present in Hinkle.

*Id.* at 429, 346 A.2d at 390 (1975).

---

amendments that were effective on May 1, 1972 as interpreted in our decision in *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

As then Justice, now Chief Justice, EAGEN, stated in *Hinkle*, "[t]he intended distinction between those injuries which are compensable and those which are not is divided by a line which, at times, appears indistinct." *Id.* at 115, 337 A.2d at 909. (Citations omitted.) It would seem to extend the idea of a mini-accident clearly beyond that indistinct line to hold that each time the claimant's finger struck the typewriter key an accident occurred as it did when the outbursts of noise occurred in *Hinkle* and the mallet struck the side of the machine in *Hamilton*.

The Board's 6th finding of fact is:

Claimant's condition developed over a period of time and was not the result of an accident or unusual exertion in the course of her employment.

Since the claimant had the burden of proof to establish an accident, the court below could only reverse if it found the Board had capriciously disregarded competent evidence. In his memorandum opinion, Judge HIRSH stated "it is apparent that claimant did not perform any unusual activities or was subjected to any extraordinary exertion or strain in her secretarial position." He expressly stated that he could not find there was any capricious disregard of evidence. Certainly this Court cannot say as a matter of law that an accident occurred based on the testimony in this case.

Accordingly, we will enter the following

ORDER

Now, May 6, 1977, the Order of the Court of Common Pleas of Philadelphia County, dated October 2, 1975, No. 1755 October Term, 1970, affirming the decision of the Workmen's Compensation Appeal Board which denied compensation is affirmed.