Dorothy Elko, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Atlantic Richfield Company, Inc. and/or Continental Insurance Company, Insurance Carrier, Respondents.

Argued September 16, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Joseph P. Briglia,* for petitioner.

*Roger B. Wood,* with him *David L. Pennington; Harvey, Pennington, Herting & Renneisen, Ltd.,* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 21, 1977:

Dorothy Elko (Claimant) appeals a decision of the Workmen's Compensation Appeal Board (Board) which reversed an award of benefits made by the referee pursuant to a fatal claim petition.

Claimant's husband, Paul Elko (Decedent), was last employed by the Atlantic-Richfield Company (Employer) as a "general job mechanic."[1] The transition of events as they occurred on October 16, 1970, Decedent's last day of employment, is in dispute. It is Claimant's position that Decedent was engaged in the lifting of a "heavy plank,"[2] while at work, causing a dissecting aortic aneurysm resulting in his death. Employer's foreman, on the other hand, testified that Decedent was assisting five or six men in removing a "grating" in the compressor room weighing between 150 and 175 pounds in order to have access to the compressor bottle beneath it. Noticing that Decedent "looked a little gray," the foreman instructed Decedent to take a break. According to the foreman's testimony, a few minutes later another employee "came tearing to me riding a bicycle" and informed him that Decedent looked seriously ill. The foreman then signaled for an ambulance which took Decedent to Metho-

---

[1] Decedent was also described in the testimony before the referee as a boilermaker.

[2] This version of the events is supported by a statement within the medical history section of the hospital records compiled at Thomas Jefferson University Hospital.

dist Hospital. Subsequently, he was moved to Thomas Jefferson University Hospital where he died on October 17, 1970, following surgery. Over Employer's objection, the referee admitted a statement made by Decedent to Claimant after surgery and shortly before death that "[i]t was heavy, so heavy."[3] Without ruling on the admissibility of this statement, for reasons hereinafter mentioned, we find this statement alone, or in conjunction with other testimony, insufficient to meet Claimant's burden of proving an "accident."

Since this injury occurred in October of 1970, the 1972 Amendments to The Pennsylvania Workmen's Compensation Act[4] (Act), which no longer require a claimant to prove an "accident" for an injury to be compensable,[5] are not here relevant. *See Kunigonis v. H. P. Foley, Inc.*, 28 Pa. Commonwealth Ct. 73, 367 A.2d 763 (1977). Rather, we are once again confronted with a determination of whether a compensable "accident"[6] has occurred.

---

[3] This ambiguous and unqualified statement is the only conversation between Decedent and Claimant to which Claimant testified.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[5] As we noted in *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 93, 338 A.2d 744, 746 (1975), by deleting the word "accident" from Section 301 (c), 77 P.S. §411, and substituting for it the word "injury" in other sections, the Legislature has made it clear that injuries sustained *after* May 1, 1972, are compensable if (1) they arise in the course of employment and (2) are related thereto.

[6] In *Hinkle v. H. J. Heinz Co.*, 7 Pa. Commonwealth Ct. 216, 222, 298 A.2d 632, 635 (1972), we said that there are four basic categories of accidents, including (1) a sudden unexpected traumatic event such as a fall or blow; (2) unusual exertion in the course of work causing an unexpected and sudden injury; (3) an unusual pathological result of an ordinary condition of work; and (4) sudden and unexpected injury caused by the failure of an employer to furnish medical care to an employee. It is the second category above which is the subject of this appeal.

It is Claimant's contention that Decedent's death was as the result of an injury within the unusual strain doctrine and therefore compensable as an "accident" under the Act. As we said in *B. G. Coon Construction Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 484, 487, 326 A.2d 656, 658 (1974):

> [U]nder the unusual strain doctrine there can be no recovery *unless a claimant proves that the death or injury resulted from overexertion or unusual strain* encountered in the course of his employment. This doctrine is to be applied in light of the work history of the individual involved and not according to the work patterns of his profession in general. (Emphasis added.)

Clearly, Claimant is required to carry the burden of proving that the death resulted from an accident and, as stated above, she may do this by proving her husband's death resulted from an unusual exertion or strain. *Szcykalski v. Workmen's Compensation Appeal Board*, 22 Pa. Commonwealth Ct. 159, 348 A.2d 442 (1975).

The referee made Finding of Fact No. 2, which follows in part:

> 2. ... All of the aforesaid injury and subsequent development were caused when claimant's decedent was stricken immediately following heavy lifting in the course of his employment with the defendant to which he was unaccustomed in his usual occupation which occurred when he and several fellow workmen were removing the iron or steel grating from a section of the defendant's compression room floor.

Based upon this finding and the referee's ruling that the Decedent's statement to Claimant that "it was heavy, so heavy" was admissible, the referee conclud-

ed that Decedent had sustained a compensable injury
and granted benefits.

> Upon Employer's appeal, the Board found that
> the record contains no evidence upon which the
> Referee could base his finding that the dece-
> dent engaged in: '. . . heavy lifting in the course
> of his employment with the defendant to which
> he was unaccustomed in his usual occupa-
> tion. . . .'

The Board then assumed arguendo that the deathbed
statement of Decedent was admissible but reasoned
further that this statement was irrelevant to the issue
of whether this work in question was unusual in light
of the work history of the Decedent. Rather, the
Board noted that

> [T]he only testimony on that issue was given
> by Defendant's witness William Mulligan.

> We note that aside from the bald statement
> by the Referee in Finding of Fact No. 2 that
> the lifting which decedent had been involved in
> was work to which he 'was unaccustomed in his
> usual occupation,' the Referee does not cite any
> facts or testimony to support this statement.

> We have read and reread Mr. Mulligan's tes-
> timony and can find nothing to support the
> Referee's finding that the decedent's activities
> were unusual.

> On the contrary, his entire testimony is to
> the effect that the decedent was a member of
> a work gang engaged in the procedures usually
> used by that gang in the repair of a defective
> compressor.

Counsel for the Defendant specifically asked Mr.
Mulligan about the nature of the work that morning:

> Q. The work that you were doing that day is
> normal work for your gang?
> A. Yes sir.

110

Our careful scrutiny of the record supports the Board's view that the referee's finding that Decedent was engaged in heavy lifting to which he was unaccustomed is without support. Decedent's statement that it was heavy provides no indication of whether he had been lifting the heavy object referred to, whether this occurred while at work, or what is more important, whether it was unusual for him to have done so.

Having vacated the finding on the issue of unusual strain, the Board was not in error in concluding that Claimant failed to meet her burden of proving that a compensable accident had occurred.

Accordingly, we

ORDER

AND Now, this 21st day of December, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.